UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

HOTI ENTERPRISES, L.P. and
HOTI REALTY MANAGEMENT CO., INC.,

                                          Debtors.
------------------------------------------------------------------------x
HOTI ENTERPRISES, L.P. and                            **OPINION AND ORDER**
HOTI REALTY MANAGEMENT CO., INC.,
                                                      No. 12-CV-5341 (CS)
                                          Appellants,

                    - against -

GECMC 2007 C-1 BURNETT STREET, LLC,

                                          Appellee.
------------------------------------------------------------------------x

<u>Appearances:</u>
Mark A. Frankel
Backenroth Frankel & Krinsky, LLP
New York, New York
*Counsel for Appellants*

George B. South III
Daniel G. Egan
DLA Piper LLP (US)
New York, New York
*Counsel for Appellee*

<u>Seibel, J.</u>

      Before the Court is the appeal of Debtors Hoti Enterprises, L.P. and Hoti Realty

Management Co., Inc. from the Bankruptcy Court's Order Denying Motion for Relief from Cash

Collateral Order (the "Final Order"). (Bankr. Doc. 210.)[1] For the reasons that follow, the Final

Order is AFFIRMED.

---

[1] "Bankr. Doc." refers to documents filed in the U.S. Bankruptcy Court for the Southern District of New York under docket number 10-BK-24129.

## I. BACKGROUND

While the facts underlying the Bankruptcy proceedings are lengthy and complicated, those relevant to the instant appeal are straightforward. Appellants were the owners of a residential apartment complex in Brooklyn which, as part of a mortgage agreement with Deutsche Bank, was pledged as collateral to secure a promissory note. Appellee, the purported holder of the note, initiated foreclosure proceedings on the property in state court, on account of Appellants' default on its loan obligations. On October 12, 2010, Appellants filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code. (Bankr. Doc. 1.)[2]

Several months later, both parties executed, and on December 22, 2010 the Bankruptcy Court entered into the record, a Stipulation and Order Consenting to Use of Cash Collateral and Granting Adequate Protection to GECMC 2007-C1 [*sic*] Burnett Street, LLC (the "Cash Collateral Order"). (Bankr. Doc. 43.) While the parties contest the circumstances surrounding the execution of this document, it suffices for the purposes of this appeal to note that the document contains the attorneys' electronic signatures, with representations that the attorneys are acting in their representative capacities on behalf of their respective clients.

More than one year later, on March 7, 2012, Appellants filed Debtors' Motion for Relief From Stipulation and Order Governing Debtors' Use of Cash Collateral and Related Matters Pursuant to Bankruptcy Rule 9024 (the "Rule 9024 Motion"), (Bankr. Doc. 126), the denial of which is the subject of the instant appeal. Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60. Appellants sought relief from the terms and conditions of the Cash Collateral Order under Rules 60(b)(6) and 60(d)(1) and/or (d)(3), principally on the grounds of an alleged flaw in the chain of title of the underlying mortgage and

---

[2] Debtor Hoti Enterprises, L.P. initiated docket number 10-BK-24129. Debtor Hoti Realty Management Co., Inc. filed a Chapter 11 Petition on the same day, initiating docket number 10-BK-24130. On November 15, 2010, the Bankruptcy Court ordered joint administration of both cases under 10-BK-24129. (Bankr. Doc. 29.)

note connecting Appellee to the original creditor – a flaw that arose from an alleged forgery in

the power of attorney pursuant to which the note was transferred – which allegedly defeated

Appellee's standing to assert a secured claim in the Bankruptcy proceedings. (*See* Bankr. Doc.

212, at 10.)  The Bankruptcy Court held a hearing on the Rule 9024 Motion on April 5, 2012,

(Bankr. Doc. 207), and ordered additional briefing on several issues, including whether a Rule

60(d)(1) motion must be brought within the one-year period of Rule 60(c)(1), and whether Rule

60(d)(1) requires an independent action.  The Bankruptcy Court rendered its decision denying

the Rule 9024 Motion from the bench on May 3, 2012, (Bankr. Doc. 212), and embodied the

same in its Final Order.

   In its bench ruling, the Bankruptcy Court first noted that Appellants, as they conceded,

could not bring their Motion under Rules 60(b)(1)-(3) because of Rule 60(c)(1), which requires

such a motion to have been brought no more than one year after entry of the Cash Collateral

Order.  (*Id.* at 11.)  The Bankruptcy Court then considered whether the Rule 9024 Motion was

proper under Rule 60(b)(6), the "catch all" provision – which provides that a court can set aside a

final order for "any other reason that justifies relief" – and found that it could not because the

grounds under which the motion was made fell within the grounds stated in Rule 60(b)(1)-(3).

(*Id.* at 11-12.)  As to whether the Motion was proper under Rule 60(d)(1) – which provides that

Rule 60 does not limit the court's power to "entertain an independent action to relieve a party

from a judgment, order, or proceeding" – the Bankruptcy Court found that it was not, because (a)

Appellants delayed past the one-year Rule 60(c)(1) period in bringing their Rule 9024 Motion,

(b) the Cash Collateral Order allowed for objections to it within a specified time period, but

Appellants did not make any, and (c) Appellee provided supplemental documentation confirming

that it had corrected the alleged defect in the chain of title, rendering the dispute moot.  (*Id.* at

3

13-16.) The Bankruptcy Court also found that the Motion was not proper under Rule 60(d)(3) –
which provides that Rule 60 does not limit the court's power to "set aside a judgment for fraud
on the court" – as the Appellants set forth no fraud or misrepresentation that rose to the level of
fraud on the court. (*Id.* at 16-19.)

This appeal followed. (Doc. 1.)

## II. **DISCUSSION**

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final
judgments, orders, and decrees of the bankruptcy court. A district court reviews a bankruptcy
court's findings of fact for clear error and reviews its legal conclusions *de novo*. *Overbaugh v.
Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009); *see* Fed. R. Bankr. P.
8013. A bankruptcy court's decision under Rule 60 (*i.e.*, Bankruptcy Rule 9024), however, is
reviewed for abuse of discretion. *See Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310
Assocs.)*, 346 F.3d 31, 34 (2d Cir. 2003); *Unsecured Claims Estate Representative of Teligent,
Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 224 (S.D.N.Y. 2005). "The
appeal from the denial of a Rule 60 motion 'brings up only the denial of the motion and not the
merits of the underlying judgment itself.'" *In re Teligent*, 326 B.R. at 224 (quoting *Paddington
Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994)). Accordingly, I do not consider
whether the Cash Collateral Order should have been entered in the first instance, only whether
the Bankruptcy Court abused its discretion in denying Appellants' Rule 9024 Motion.

Appellants make four arguments on appeal. They argue that (1) Victor Dedvukaj's
October 31, 2011 *pro se* filing in Docket No. 10-BK-24130 should have been deemed a Motion
for Relief filed within the one-year Rule 60(c)(1) period "under notice pleading principles,"

(App. Mem. 9, 14-15)[3]; (2) relief is appropriate under Rule 60(b)(6) because Appellants' then-counsel entered into the Cash Collateral Order without Appellants' consent, (*id.* at 16-17); (3) relief is appropriate under Rule 60(d)(1) or (d)(3) because the particular species of fraud alleged here – namely counsel entering into the Cash Collateral Order without Appellants' consent – amounts to fraud on the court or at least warrants equitable relief, (*id.* at 17-20); and (4) the Bankruptcy Court's mootness finding is contrary to a ruling by the New York Supreme Court, (*id.* at 20-22).

A. Victor Dedvukaj's October 31, 2011 Filing

Appellants have waived their arguments on appeal that the October 31, 2011 filing by Victor Dedvukaj – a principal of Appellants – should have been deemed a Rule 60 motion. Issues not raised before the Bankruptcy Court cannot be made for the first time on appeal to this Court, especially where additional findings of fact (such as whether Appellants' then-counsel had authority to execute the Cash Collateral Order on behalf of Appellants) would be involved. *See Androse Assocs. of Allaire, LLC v. Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 472 B.R. 666, 678-79 (S.D.N.Y. 2012); *In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 133 (S.D.N.Y.), *aff'd sub nom. SunCal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010). Appellants, represented by counsel at the time, failed to argue to the Bankruptcy Court, either in their papers or during oral argument, that Mr. Dedvukaj's filing should have been deemed a Rule 60 motion, and thus cannot make the argument for the first time before this Court. It is plainly not an abuse of discretion for a court not to consider an argument not made to it. Further, even if I were to reach the merits, Mr. Dedvukaj's filing addressed other

---

[3] "App. Mem." refers to Appellants' Brief in Support of Appeal. (Doc. 4.)

issues entirely and could not reasonably have been interpreted as an effort to revisit the Cash

Collateral Order.

B. Relief Under Rule 60(b)(6)

Appellants have also waived their arguments on appeal that their counsel who executed

the Cash Collateral Order did not have permission to do so, and that therefore relief should be

granted under Rule 60(b)(6). Again, Appellants, then represented by counsel, failed to raise this

issue below, either in their papers or during oral argument, and thus cannot do so for the first

time to this Court.[4] *See In re Great Atl. & Pac. Tea Co.*, 472 B.R. at 678-79; *In re Lehman Bros.*

---

[4] Appellants apparently concede that their papers in connection with the Rule 9024 Motion contained no claim that Appellants' prior counsel did not have Appellants' consent to enter into the Cash Collateral Order, but state that their counsel "attempted to make the point in oral argument." (App. Mem. 10.) I have reviewed the transcript, and find that Appellants did not make the argument that relief was appropriate under Rule 60 because their then-attorney did not have consent to enter into the Cash Collateral Order. At oral argument before the Bankruptcy Court, Appellants' counsel stated that the Cash Collateral Order "is not a document that we signed off on though I acknowledge the debtor's attorney signed off on it," and that "debtor's attorney had no right to enter into" it, (Bankr. Doc. 207, at 12), but counsel also stated that he was raising these issues merely "to give [the Bankruptcy Court] a little bit of a background," and apparently to persuade Judge Drain that the Cash Collateral Stipulation was "a bad deal," (*id.* at 15.) Appellants' counsel never suggested that prior counsel had agreed to the Order over his clients' objection or that the alleged conduct by counsel, as opposed to the alleged forgery, amounted to fraud on the court or otherwise constituted a ground for granting Appellants' motion. (*See id.* at 15.) After Judge Drain had ruled on the reconsideration motion and had moved on to consider whether to confirm the Chapter 11 plan, Mr. Dedvukaj interrupted to allege, among other things, that his prior counsel had not had authority to enter into the Cash Collateral Stipulation. (Bankr. Doc. 212, at 44-47.) Judge Drain pointed out that that claim was "not in the motion [he had] just ruled on," (*id.* at 47), which was a "very thorough and comprehensive motion" made by counsel, (*id.*), and that the Court could not "rule on something [Mr. Dedvukaj was] just telling [the Court] today," (*id.* at 48). Judge Drain added that he could not further discuss the issue but that Mr. Dedvukaj was "always free to file something with the Court" on proper notice. (*Id.*) Particularly because Mr. Dedvukaj had been present at the December 20, 2010 hearing on whether to enter the Cash Collateral Stipulation as an order, (*see* Bankr. Doc. 76, at 11), and had been represented by two different lawyers in the interim, neither of whom had raised the allegation, it was not an abuse of discretion for Judge Drain to decline to re-open the issue yet again based on Mr. Dedvukaj's after-the-fact claim.

Appellants also point in their brief to an April 20, 2012 *pro se* filing by Victor Dedvukaj – after briefing on the Rule 9024 Motion was complete but before the Bankruptcy Court issued its decision – which supposedly "reiterated that the Debtor never authorized the Cash Collateral Stipulation." (App. Mem. 10 (citing Bankr. Doc. 176).) This filing –styled "Affidavit of Victor Dedvukaj in Support of Motion (A) on Commencement of an Adversary Proceeding or, Alternatively, (B) for an Order Granting Dismissal of the Chapter 11 Cases, and (C) in Further Support to Object to the Confirmation of the Plan" – stated, among other things, that Appellants did not agree to the terms of the Cash Collateral Stipulation at the time it was entered. (*See* Bankr. Doc. 176, at 1, 6.) Mr. Dedvukaj's passing remark in a twenty-page document unrelated to the Rule 9024 Motion was hardly sufficient to alert Judge Drain that Appellants wished him to consider, in connection with the Rule 9024 Motion, an allegation that prior counsel entered into the Cash Collateral Stipulation against Appellants' wishes, especially given that (a) an e-mail attached to Mr. Dedvukaj's Affidavit bearing no date, (*id.* Ex. D), seems to show that Appellants' attorney was at least at that time

*Holdings Inc.*, 435 B.R. at 133.  And it cannot, given this procedural posture, be an abuse of

discretion for the Bankruptcy Court to not consider an argument that was not before it.

    C.  <u>Relief Under Rules 60(d)(1) or 60(d)(3)</u>

        To the extent that Appellants' request for relief under Rule 60(d)(1) or (d)(3) is based on

the actions of counsel in entering into the Cash Collateral Order, those arguments are waived on

appeal for failure to raise the issue below.  *See In re Great Atl. & Pac. Tea Co.*, 472 B.R. at 678-

79; *In re Lehman Bros. Holdings Inc.*, 435 B.R. at 133.  To the extent that Appellants' request

for relief is based on fraud on the court, the Bankruptcy Court did not abuse its discretion in

denying Appellants' motion.  As the Bankruptcy Court noted, the situation here is "an alleged

fraud by the lender in its representation as to having a secured claim."  (Bankr. Doc. 212, at 17.)

> Absent the type of fraud which subverts the integrity of the Court
> itself or is perpetrated by officers of the Court, the requisite
> interference with the judicial machinery cannot be established and
> an independent action for fraud on the Court therefore will not lie.
> In short, neither perjury nor non-disclosure by itself amounts to
> anything more than fraud involving injury to a single litigant.

(*Id.* at 17-18 (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988)).)

        As to whether Appellants would have been able to bring an independent action in equity,

thus making Rule 60(d)(1) potentially applicable, it was neither an abuse of discretion nor legal

error for the Bankruptcy Court to find that Appellants' delay in bringing its Rule 9024 Motion

precluded their claim for equitable relief.  *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*,

117 F.3d 655, 662-63 (2d Cir. 1997) (failure to raise fraud under Rule 60(b)(3) within the one

year time period defeats ability to raise the same in an independent action in equity).  Indeed,

Appellants were represented by counsel during the one-year period after the entry of the Cash

---

acting in *accordance* with Appellants' wishes; and (b) Appellants were represented by able counsel at the time of the
*pro se* filing.

Collateral Order, and that counsel actually filed a different Rule 60 motion on behalf of Appellants during that period. (*See* Bankr. Doc. 65.) Thus, Appellants could have brought, and had representation capable of bringing, yet failed to bring, an appropriate Rule 60 motion within the one-year period.

    D. <u>Mootness</u>

       Whether or not the Bankruptcy Court's mootness holding was contrary to the decision of the New York Supreme Court, it was an alternative holding and was not necessary to the Bankruptcy Court's ultimate decision to deny Appellants' Rule 9024 Motion. Because there was no abuse of discretion in denying the Rule 9024 Motion for the reasons discussed above, I need not and do not consider the Bankruptcy Court's alternative mootness holding.

## III. **CONCLUSION**

       Because the Bankruptcy Court did not abuse its discretion in denying Appellants' Rule 9024 Motion, the Order Denying Motion for Relief from Cash Collateral Order, (Bankr. Doc. 210), is hereby AFFIRMED. The Clerk of Court is respectfully directed to docket this decision and close the case.

**SO ORDERED.**

Dated: December 27, 2012
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.